IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY HOOVER,
aka Betty Haines,

        Plaintiff,

vs.                                                        CIVIL NO.  11-1026 LH/LFG

LOWE'S HOME CENTER, INC. et al.,

        Defendants.

## **ORDER DENYING MOTION TO STAY PROCEEDINGS**

THIS MATTER is before the Court on Plaintiff Betty Hoover's ("Hoover") Motion to Stay Proceedings [Doc. 12].  No response is necessary as case management is uniquely a judicial function, and the Court has sole authority to manage its own docket.  *See* United States v. Schneider, 594 F.3d 1219, 1226 (10th Cir. 2010) ("power of district courts to manage their dockets is deeply ingrained in our jurisprudence.") (internal citation omitted).

Hoover seeks to stay proceedings because she filed a motion to remand.  She contends that the federal court lacks jurisdiction.  However, a court always has authority to determine whether it has jurisdiction in a particular case.  *See* United States v. Shipp, 203 U.S. 563, 573 (1906) ("A federal court "necessarily ha[s] jurisdiction to decide whether the case [is] properly before it"); Colorado Civil Rights Com'n v. Wells Fargo Bank and Co., 2011 WL 2610205, *1 (D. Colo. Jul. 1, 2011) (unpublished decision) (federal court exercises its inherent authority to determine its own jurisdiction) (internal citation omitted).  Until such time as the Court determines that it has no jurisdiction, it has authority to compel compliance with the rules of procedure and its own orders and directives.  *See, e.g.,* Bethel v. Baldwin County Bd. of Educ., 371 F. App'x 57, 62 (11th Cir. Mar. 30, 2010) (unpublished decision) (district court has the inherent "authority to enforce its orders and provide for the efficient disposition of litigation").

The district's Civil Justice Expense and Delay Reduction Plan ("the Plan") requires that civil litigation be brought to a conclusion within a specified amount of time. In order to meet its obligations under the Plan and to ensure that cases are handled efficiently, economically and expeditiously while in the federal court system, the referral magistrate judge issues an Initial Scheduling Order establishing various deadlines such as: a mandatory meet-and-confer session as required by the federal rules, the exchange of initial disclosure documents, the preparation of a Joint Status Report and Provisional Discovery Plan, and attendance at a Fed. R. Civ. P. 16 scheduling conference.

The purpose of the Initial Scheduling Order is to ensure that a case is under active judicial management and that a case management plan is created to ensure that the case can meet the time deadlines established by the Plan. Judicial oversight and case management are included as judicial responsibilities under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*

The mere fact that Hoover believes that this case should be tried in state court is not a good enough reason to prohibit the federal court from effectively managing the case and establishing discovery and motion practice deadlines as long as the case is pending in a federal forum. Indeed, should it ultimately be determined that this case should be tried in state court, any discovery undertaken in the federal forum will only benefit the parties in a state court proceeding.

The Court concludes that Hoover's motion is not well-taken, and that the deadlines contained in the Court's Initial Scheduling Order [Doc. 7] remain in full force and effect. Hoover's motion to stay is, therefore, DENIED.

IT IS SO ORDERED.

                                      *Lorenzo F. Garcia*
                                      Lorenzo F. Garcia
                                      United States Magistrate Judge