IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BETTY HOOVER,
(a/k/a Betty Haines),

          Plaintiff,

vs.                                                            CIV No. 11-1026 LH/LFG

LOWE'S HOME CENTERS, INC.,
and NATIVIDAD HERNANDEZ,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Memrandum [sic] in Support Thereof (Doc. 10), filed December 16, 2011. The Court, having considered the motion, the briefs of the parties, and the applicable law, concludes that Defendant Lowe's Home Centers, Inc. ("Lowe's") has not established that Defendant Natividad Hernandez ("Hernandez") was fraudulently joined by Plaintiffs. Accordingly, Plaintiff's motion to remand is **well-taken** and will be **granted**. The case is, therefore, remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**I.  INTRODUCTION AND BACKGROUND**

Plaintiff has chosen to proceed with her complaint under the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, § 28-1-1 et seq., asserting discrimination claims against both

Defendant Lowe's and Defendant Hernandez.[1]  More particularly, Plaintiff alleges that, while she was working for Lowe's in 2008 and 2009, she was discriminated against by Hernandez, a Hispanic Store Manager of the Albuquerque Lowe's where she worked, because of her age and race[2] and was wrongfully discharged.  Additionally, Plaintiff claims that Lowe's negligently hired, retained, monitored, trained, and supervised Hernandez.

According to Plaintiff, Hernandez first discriminated against her in April 2008, after he had supervised her for a mere two weeks, by issuing her a "final warning" founded on alleged past disciplinary violations.  Plaintiff insists that the purported disciplinary violations had not occurred.  Additionally, Plaintiff contends that on many occasions Hernandez intentionally excluded her from work-related conversations with co-workers and employees under her direct supervision by speaking to them in Spanish.  Moreover, Plaintiff alleges that in May 2008, Hernandez wrongfully accused her of violating employee purchase policies.  Around that time, Plaintiff concluded that Hernandez was attempting to use pretext to terminate her and reported to Lowe's Human Resources Department that she was being harassed by Hernandez.

Thereafter, in May 2009, Plaintiff was again disciplined by Hernandez this time for failing to lock a door to the store, a door which she claims had faulty tumblers in need of repair.  According to Plaintiff, other employees, including younger Hispanic employees, were not disciplined for failing to lock store doors.  Ultimately, Plaintiff contends that she was wrongfully terminated after sharing her password with a customer service manager, a practice that she maintains was common among managers district-wide, and she was replaced by a younger

---

[1] Plaintiff's Complaint does not assert any claims under Title VII or any other federal statute.

[2] Plaintiff is Caucasian and was in her sixties at the time of the alleged discriminatory action.  (*See* Doc. 1, Exs. A-B.)

Hispanic employee.   On February 26, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the New Mexico Human Rights Division ("NMHRD").  On July 20, 2011, the EEOC issued an Order of Non-Determination.  Then, on October 19, 2011, Plaintiff filed suit against Lowe's and Hernandez in the Second Judicial District Court, Bernalillo County, State of New Mexico.

On November 18, 2011, Lowe's, a citizen of North Carolina, and Hernandez, a citizen of New Mexico, removed the matter to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship.  In their Notice of Removal, Defendants acknowledge that Hernandez, like Plaintiff, is a citizen of New Mexico; however, they contend that Plaintiff improperly and fraudulently joined Hernandez.  Defendants insist that Plaintiff failed to exhaust administrative remedies as to her claims of discrimination against Hernandez when she omitted any reference to him in her Charge of Discrimination.  Defendants' position is that because Plaintiff cannot maintain a discrimination claim against Hernandez, because of her failure to administratively exhaust claims against him, there is in effect diversity of citizenship between the relevant parties.  Hernandez has also filed a Motion to Dismiss, also based upon Plaintiff's alleged failure to exhaust administrative remedies as to Hernandez, urging the Court to dismiss Plaintiff's action against him under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff, on the other hand, contends that she states a proper cause of action against Hernandez and that her claims should proceed against him as though they were administratively exhausted.  Plaintiff admits that there is no reference to Hernandez in the Charge of Discrimination that she filed with the EEOC.  Nevertheless, she claims that Hernandez would have been named in the Charge but for clerical and administrative errors of the EEOC and a

3

misleading claim form.  Given these agency errors, Plaintiff suggests that it would be improper to preclude her from proceeding in her discrimination claims against Hernandez.  Arguing that her discrimination claims against Hernandez are indeed viable, Plaintiff insists that the Court lacks diversity jurisdiction and that this matter must therefore be remanded to state court.

## II.  LEGAL STANDARD

An action is removable if the federal district court would have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  It is the obligation of the removing party to establish the subject matter jurisdiction of this federal court.  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  There is a presumption against removal jurisdiction.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Diversity jurisdiction requires complete diversity in that no plaintiff be the citizen of the same state as any defendant.  *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000).

## III.  ANALYSIS

### A.  Fraudulent Joinder Claim

In her Motion to Remand, Plaintiff contends that diversity of citizenship does not exist in this case, because one of the properly named defendants, Hernandez, is a citizen of the same state as Plaintiff.[3]  In contrast, Defendants argue that Hernandez was fraudulently or improperly joined in this action by Plaintiff without the requisite administrative exhaustion of claims against

---

[3] Plaintiff apparently concedes that the amount in controversy is met, as she makes no arguments to the contrary.

him.

Generally, whether a case is removable or not is determined by the original pleadings, and the statement of a cause of action against a resident defendant will normally be sufficient to prevent removal. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, upon specific allegations of fraudulent joinder, as here, the Court may pierce the pleadings and consider the entire record, determining the basis of joinder by any means available. *Id.* "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Id.* (internal citation omitted).

A defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. *See Couch v. Astec Indus., Inc*., 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The burden of proof on a defendant claiming fraudulent joinder, here Lowe's and Hernandez, is significant. *Id.* at 1147. Indeed, in *Montano v. Allstate Indemnity Co.*, the Tenth Circuit described the defendant's burden to prove fraudulent joinder as follows:

> To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

No. 99-2225, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000) (unpublished opinion) (quoting *Hart v. Bayer Corp*., 199 F.3d 239, 243 (5th Cir. 2000)) (emphasis added). The fraudulent joinder standard is "more exacting" than the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* Under the fraudulent joinder analysis, a viable claim is

5

stated against a resident defendant so long as there is some factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983).

Here, Plaintiff asserts discrimination claims against both Lowe's and Hernandez as well as a negligence claim against Lowe's. If Defendants can establish that Plaintiff's discrimination claims against Hernandez, the non-diverse defendant, are not viable as a result of Plaintiff's failure to exhaust her administrative remedies as to those claims, Defendants will have met their burden of proving fraudulent joinder of Hernandez. *See Hockett v. Blood Systems, Inc.*, No. 09cv920 WJ/LFG (D.N.M. Mar. 11, 2010).

Although Plaintiff filed a Charge of Discrimination with the EEOC, which was cross-filed with the NMHRD, she did not name Hernandez in the Charge, listing Lowe's as the single "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that she believed had discriminated against her. Nor did Plaintiff reference Hernandez, directly or indirectly, in the narrative portion of her Charge. Rather, she merely indicated that she was "terminated" and "discriminated against," but she neglected to name or otherwise identify any particular individuals responsible for such termination or discrimination. Notably, however, the form created by the New Mexico Department of Workforce Solutions[4] and used by the EEOC, did not include a designated place for claimants to list *individual* employees or supervisors who were responsible for discriminatory practices.

---

[4] As the New Mexico Supreme Court recently noted in *Lobato v. New Mexico Environment Department*, 2011 WL 6412235 (D.N.M. Dec. 14, 2011), the New Mexico Department of Workforce Solutions was formerly the New Mexico Department of Labor. *Id.* at *1 n.1.

Instead, the form only provided space for claimants to list the name and address of the employer, organization, or agency responsible for discrimination.

Plaintiff claims that the omission of any reference to Hernandez was the result of a clerical error by the EEOC in combination with a misleading Charge form.  Plaintiff attaches an affidavit to her motion to remand in which she indicates that she informed the EEOC investigator that Hernandez was the person responsible for the discriminatory actions taken against her.  Plaintiff claims that the EEOC agent nevertheless improperly omitted Hernandez' name and address from the Charge of Discrimination.  Plaintiff likewise attaches her EEOC intake questionnaire and her rebuttal to Lowe's response to the EEOC in an effort to show that she both named Hernandez in her EEOC interview and offered the agency a detailed account of the discriminatory actions allegedly taken by him.[5]

Defendants, however, argue that "Plaintiff's after-the-fact and self-serving assertion that she provided the EEOC agent with information about Mr. Hernandez and thus, the failure to include that information in her Charge of Discrimination was a clerical or administrative error is completely insufficient to defeat fraudulent joinder." (Def.'s Resp., at 9.)  Defendants emphasize that Plaintiff was given the opportunity to review and make corrections to the Charge of Discrimination before signing and submitting it but that she took no action to see that Hernandez was included in the Charge.  Moreover, Defendants claim that Plaintiff was represented by counsel at the time she approved and submitted her charge, which they claim undermines her position that agency error excuses her omission of Hernandez in the Charge.

Plaintiff, though, insists that she did not benefit from the advice of counsel during the

---

[5] Plaintiff's EEOC intake questionnaire and rebuttal are attached to her Response to Defendant's Motion to Dismiss.

preparation of the EEOC Charge form.  Instead, she maintains that she received representation in connection with the filing of her unemployment insurance claim and was merely referred to the EEOC for purposes of her discrimination claims.  Plaintiff also cites *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003) and emphasizes that "exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings.  This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation."  According to Plaintiff, both Lowe's and Hernandez were on notice that Hernandez was the person accused of discrimination, fulfilling the purpose of the administrative process even absent the naming of Hernandez in Plaintiff's Charge.

     As Defendants counter, however, Plaintiff has not presented any evidence that Lowe's or Hernandez were ever provided the intake questionnaire or written rebuttal, or any other documents naming Hernandez as the person responsible for discriminatory actions, during the pendency of Plaintiff's Charge.  Indeed, Lowe's and Hernandez insist in their briefs that they did not see such documents until after the present lawsuit was filed and that it is the EEOC's practice to provide only the Charge of Discrimination to respondents.  Moreover, Plaintiff's Charge indicated that Plaintiff intended to bring an action under Title VII and the Age Discrimination in Employment Act, neither of which would have allowed for individual liability.

     This Court agrees with Defendants that Plaintiff has not shown that Defendants were on notice of her discrimination claims against Hernandez.  That Plaintiff mentioned Hernandez' allegedly discriminatory actions in her interview with the EEOC did little to provide notice to Hernandez and to Lowe's of her claims against Hernandez. Indeed, courts in other jurisdictions have dismissed such claims, where a plaintiff failed to include them in his charge, even when he mentioned them in his EEOC intake questionnaire.  *See, e.g., Hardin v. Belmont Textile Mach.,*

*Co.*, no. 3:05cv492, 2008 WL 3925073, *5 (W.D.N.C. Aug. 20, 2008) *rev'd on otr grounds by Hardin v. Belmont Textile Mach. Co.*, 355 Fed. Appx. 717 (4th Cir. 2009). As such, if Plaintiff is to be exempt from fulfilling the exhaustion requirements as to Hernandez, she will need some justification beyond the purported notice of Defendants.

Generally speaking, a defendant "cannot be sued in district court under the New Mexico Human Rights Act unless and until the complainant exhausts her administrative remedies against them." *Luboyeski v. Hill*, 117 N.M. 380, 872 P.2d 353, 355-56 (1994). The administrative procedure established in the NMHRA requires a complainant to file a written charge with the agency which "shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required" by the agency. NMSA § 28-1-10(a). Typically, where a complainant names only a corporation as a respondent in administrative proceedings, failing to name an individual personally as a respondent, the complainant fails to exhaust administrative remedies as to the individual. *Sonntag v. Shaw*, 2001-NMSC-15, 13 N.M. 238, 22 P.3d 1188. 130 N.M. at 242-43. Under similar scenarios, other judges in this district have determined that parties who were unnamed in a discrimination charge were not proper parties to a suit arising from that charge, reasoning that "New Mexico's comprehensive administrative scheme cannot function effectively unless all concerned are fully aware of the potential liability of each party." *Rivera v. Smith's Food and Drug Centers*, 05cv1049 RB/ACT, at 7 (D.N.M. Feb. 16, 2006) (citing *Blea v. D.W.B.H., Inc., et al.*, 00cv0680 LFG/LCS (D.N.M. Sept. 12, 2000)).

Nevertheless, while other judges in this district have admittedly found unpersuasive a plaintiff's claim that a charge form itself constituted administrative error, *see, e.g., Bates v. New Mexico Dep't Corr.*, 08cv1013 JB/RLP, at 26-29 (D.N.M. Sept. 30, 2010), Plaintiff's argument

finds support in a recent New Mexico Supreme Court on certification from this Court.  In *Lobato v. State Env't Dep't,* No. 25,964, 2011 WL 6412235 (N.M. Dec. 14, 2011), the New Mexico Supreme Court addressed two questions that were certified by The Honorable Bruce Black:  (1) whether the New Mexico Department of Labor's Charge of Discrimination form fairly and adequately allows a claimant to exhaust administrative remedies against individual actors under the NMHRA, and (2) "if the Charge of Discrimination form is inadequate, what remedy is proper for a plaintiff who used the NMHRD form and consequently failed to exhaust administrative remedies against indivdiuals?"  *Id.* at *2.

"In  order to preserve individual liability claims under the NMHRA," the court ultimately determined that 1) "the NMHRD's Charge of Discrimination form failed to provide Plaintiff a fair and adequate opportunity to exhaust administrative remedies against individual defendants; and 2) because of this inadequacy, Plaintiff [was] not required to have exhausted administrative remedies against the previously unnamed individual defendants. . ." *Id.* at *5.

Defendants argue, in the Reply to their Motion to Dismiss, that this Court should not consider *Lobato* to be binding or even persuasive, urging this Court to follow instead "the great weight of federal authority from this District [which] holds that claims under the New Mexico Human Rights Act brought against an individual who was not named in the Charge should be dismissed."  To that end, Defendants attempt to distinguish the administrative process at issue in *Lobato* from the one at issue here, arguing that while this case involves an EEOC Charge form and the EEOC Charge process, *Lobato* involved a NMHRD Charge form and the NMHRD Charge process.

The Court finds Defendants' attempts to distinguish the present matter from *Lobato* unconvincing.  Comparing the charge form considered by the New Mexico Supreme Court in

*Lobato* with the charge form at issue here reveals that they are virtually identical, the only difference being that Plaintiff's charge form reflects the name change of the relevant New Mexico agency, from the New Mexico Department of Labor to the New Mexico Department of Workforce Solutions.  *Compare* (Doc. 1, Exhibit B) *with* (Doc. 18, Ex. A).  Moreover, both charges were filed with the EEOC and cross-filed with the NMHRD, and in both cases the claimants indicated that they had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, without mention of the NMHRA.  (*See id.*)

Given the New Mexico Supreme Court's decision in *Lobato*, Defendants have failed to meet their burden, as they cannot show with complete certainty upon undisputed evidence that Plaintiff cannot make a discrimination claim against Hernandez.  *See Smoot v. Chavez R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)  There is strong likelihood, rather, that Plaintiff will be able to proceed under New Mexico law in her claims against Hernandez, even though he was not directly or indirectly named in her Charge of Discrimination.  Once again, with regard to the question of fraudulent joinder, the Court must resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party – that is, in favor of Plaintiff.  Accordingly, the Court must remand this matter to State Court for want of diversity jurisdiction, as Defendants have failed to meet their burden of establishing that Plaintiff fraudulently joined Hernandez to this action.

## IV.  CONCLUSION

For all of these reasons, the Court concludes that Defendants have failed to establish the fraudulent joinder of Hernandez, which is the basis for their removal of this action.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **well-taken** and is now hereby **granted in full**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Second Judicial District Court for the State of New Mexico.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE